UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VINCENT RUSSELL,

          Plaintiff,

  v.

T. JOKER, et al.,

          Defendants.

Case No. C23-0125-JLR-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding pro se and *in forma pauperis*, submitted a proposed 42 U.S.C. § 1983 civil rights complaint. Dkt. 6. He names as Defendants T. Joker, J. Hindman, and R. Singh, each of whom is identified as a Classification Officer at the Whatcom County Jail.[1] Plaintiff appears to allege Defendants discriminated against him based on his classification status or custody level in denying him a position as a kitchen trustee.

On February 15, 2023, the Court issued an Order Declining to Serve and Granting Leave to Amend. Dkt. 7. As stated in that Order, in order to sustain a § 1983 claim, Plaintiff must

---

[1] It appears that the Court mistakenly construed the proposed complaint to name "Whatcom County Jail Staff" as a separate Defendant. *See* Dkt. 6 at 1, 3. The Court therefore directs the Clerk to correct the docket to include the individuals identified above as the only named Defendants.

REPORT AND RECOMMENDATION - 1

show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). The Court identified deficiencies in Plaintiff's complaint.

First, Plaintiff does not specify a constitutional right he alleges has been violated. He may intend to allege a violation of the Equal Protection Clause of the Fourteenth Amendment, which requires that a plaintiff "show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citations omitted). That is, a plaintiff must show defendants engaged in the acts alleged because the plaintiff belongs to an identifiable protected group or class. *See, e.g.*, *Washington v. Davis*, 426 U.S. 229 (1986) (racial discrimination). Alternatively, under a "class of one" theory, a plaintiff must show defendants "intentionally treated him differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff here appears to point to his "max" custody level or classification status as the basis for refusing him a position as a kitchen trustee, while also alleging that others with that same status have been allowed to fill those positions. *See* Dkt. 6 at 4-6. However, Plaintiff does not identify a protected class to which he belongs. He also fails to include any facts supporting a claim that Defendants acted with an intent to discriminate against him because he belongs to that protected class. Nor does Plaintiff provide sufficient facts to support a claim that he was intentionally treated differently from similarly situated individuals without a rational basis.

      Second, a plaintiff in a § 1983 action must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Supervisory personnel may not be held liable for actions of their subordinates under a theory of vicarious liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  While Plaintiff here names three individuals – T. Joker, J. Hindman, and R. Singh – as Defendants, he does not sufficiently explain how each of these individuals caused or personally participated in causing him harm.  For example, while Plaintiff states that Joker and Singh told him he could not be a kitchen trustee, it is not clear from Plaintiff's allegations whether these individuals were making a decision that Plaintiff could not fill a kitchen trustee position or were simply answering Plaintiff's questions.  Nor does Plaintiff appear to provide any facts showing Hindman's involvement with his claim.

      Given the deficiencies described above, the Court declined to serve the complaint or to direct that an answer be filed, and granted Plaintiff leave to amend his complaint, if possible, to correct the identified deficiencies.  The Court directed Plaintiff to file the amended complaint within thirty days of its February 15, 2023 Order.  It noted that the amended complaint must be filed under the same case number as this one, and would operate as a complete substitute for, rather than a mere supplement to, the initial complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  The Court further noted that, if no amended complaint was timely filed or if Plaintiff filed an amended complaint that failed to correct the deficiencies identified, the Court may recommend that this matter be dismissed.

      To date, the Court has not received an amended complaint or other response from Plaintiff.  Accordingly, for the reasons stated in the Order granting Plaintiff an opportunity to amend and discussed above, the Court now recommends that Plaintiff's complaint be dismissed

REPORT AND RECOMMENDATION - 3

with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  Because the Court recommends dismissal on this ground, it also recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g).  A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2023**.

Dated this 31st day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge